IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEMETRIA E. SULLIVAN, #706369,  Petitioner, | ) ) ) | |
| v. | ) ) | 3:07-CV-1651-L |
| NATHANIEL QUARTERMAN, Director, Texas Department of Criminal Justice, Correctional Institutions Division,  Respondent. | ) ) ) ) | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: This is a *pro se* petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is presently incarcerated within the Texas Department of Criminal Justice -- Correctional Institutions Division (TDCJ-CID) at the Hobby Unit in Marlin, Texas. Respondent is the TDCJ-CID Director. The Court did not issue process in this case, pending preliminary screening.

Statement of the Case: Petitioner was convicted of aggravated assault on a peace officer and sentenced to 35 years confinement. Her conviction and sentence were affirmed on direct appeal and state collateral review. *Sullivan v. State*, No. 05-94-01921-CR (Tex. App. -- Dallas, Jul. 2, 1997, no pet.); *Ex parte Sullivan*, No. 41,001-01 (Tex. Crim. App. 1999); *Ex parte*

*Sullivan*, No. 41,001-02 (Tex. Crim. App. 2001). Her last two state writs were dismissed as subsequent applications under art. 11.07, section 4. *See Ex parte Sullivan*, No. WR-41,001-03 (Tex. Crim. App. 2004); *Ex parte Sullivan*, No. WR-41,001-04 (Tex. Crim. App. 2007).

Petitioner twice, unsuccessfully sought federal habeas relief in this court. The first petition was dismissed as time barred, and the second was dismissed as a successive petition. *Sullivan v. Johnson*, No. 3:99cv2234-BD (N.D. Tex., Dallas Div., Dec. 28, 1999); *Sullivan v. Cockrell*, 3:01cv2647-X (N.D. Tex., Dallas Div., Jan. 14, 2002) (accepting findings, conclusions and recommendation of magistrate judge). The United States Court of Appeals for the Fifth Circuit denied a certificate of appealability in both cases.

In the present petition for a writ of habeas corpus, filed on September 26, 2007, Petitioner again seeks to challenge her conviction for aggravated assault. She alleges her conviction and sentence fall within the parameters of the new Supreme Court ruling in *Cunnigham v. California*, 127 S. Ct. 856 (2007), which held that California's determinate sentencing law, which authorized judge, not jury, to find facts exposing defendant to elevated upper term sentence violated defendant's right to trial by jury. (Pet. at 7).

Findings and Conclusions: The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a prisoner may file a second or successive application for post-conviction relief. *See* 28 U.S.C. § 2244(b)(3)(A). A petitioner must show that the successive application is based on: (1) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, or (2) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the

2

offense. *See* 28 U.S.C. § 2244(b)(2). Before a petitioner can file an application in the district court, a three-judge panel of the Fifth Circuit Court of Appeals must determine whether the application makes the requisite prima facie showing. *See* 28 U.S.C. § 2244(b)(3)(A) and (B). In *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000), the Fifth Circuit held that § 2244(b)(3)(A) constitutes a bar to a district court's jurisdiction to consider a successive habeas petition unless the Fifth Circuit has granted the petitioner permission to file such a petition. *See also Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003).

The Fifth Circuit has not issued an order authorizing this Court to consider the successive petition in this case. Petitioner must obtain such an order before she can file another petition for habeas relief under § 2254. Therefore, this petition should be dismissed for want of jurisdiction. Such a dismissal, however, is without prejudice to Petitioner's right to file a motion for leave to file a second or successive § 2254 petition in the United States Court of Appeals for the Fifth Circuit pursuant to § 2244(b)(3)(A). *See In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997) (setting out the requirements for filing a motion for authorization to file a successive habeas petition in the Fifth Circuit Court of Appeals).

RECOMMENDATION:

For the foregoing reasons it is recommended that the petition for writ of habeas corpus be DISMISSED for want of jurisdiction, but without prejudice to Petitioner's right to file a motion for leave to file a second or successive § 2254 petition in the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A).

Signed this 4th day of February, 2008.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.